UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEON E. SCOTT,

Plaintiff,

-against-

UNITED STATES DRUG ENFORCEMENT ADMINISTRATION; N.Y.S. TROOPER EDWARD REISER,

Defendants.

26-CV-4348 (JGLC)

**ORDER OF SERVICE**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Leon E. Scott, who currently is incarcerated at Washington Correctional Facility, brings this action, *pro se*, under the court's federal question jurisdiction, seeking the return of money allegedly forfeited to Defendant United States Drug Enforcement Administration ("DEA"). The Court construes the complaint as a claim to recover forfeited property under 18 U.S.C. § 983. By order dated July 6, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] On July 7, 2026, the Court accepted this action as related to another action brought by Plaintiff, *Scott v. Atkins*, No. 25-Cv-8223 (JGLC) (AEK) ("*Scott I*"). For the reasons set forth below, the Court (1) dismisses Plaintiff's claims against New York State Trooper Edward Reiser as duplicative of his claims against this defendant in *Scott I*, and (2) directs service on the DEA.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A. Claims against Reiser

In his complaint in this action, Plaintiff alleges that on May 24, 2024, Reiser arrested him and confiscated two cell phones and approximately $3,500 in cash. Plaintiff was later released from custody and was not charged with a crime related to the arrest. Although Plaintiff's cell phones were eventually returned to him, he learned, in response to a public records request, that his money had been turned over to the DEA and likely forfeited. In this action, Plaintiff names the DEA and Reiser as Defendants and seeks the return of his $3,500. In *Scott I*, Plaintiff sued five New York State Troopers, including Reiser, asserting claims of false arrest and unreasonable seizure of his property, including his $3,500 in cash.

To the extent Plaintiff brings claims against Reiser in this action seeking the return of his money, his allegations suggest that the DEA, and not Reiser, is in possession of his money. Such claims must therefore be brought against the DEA. To the extent Plaintiff seeks to assert constitutional claims against Reiser in connection with the May 24, 2024 arrest and initial seizure of his property, those claims are duplicative of his claims against Reiser in *Scott I*. The Court therefore dismisses Plaintiff's claims against Rieser without prejudice to Plaintiff's

asserting those claims, to the extent consistent with Rule 15 of the Federal Rules of Civil Procedure, in *Scott I*.[2]

**B. Service on DEA**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).[3]

To allow Plaintiff, who is proceeding *in forma pauperis*, to effect service on Defendant DEA through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant DEA. The Clerk of Court is further instructed to: (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; and (2) issue a summons and deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on the United States.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

---

[2] Under Rule 15, a party may amend its pleading once as a matter of course 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f) of the Federal Rules of Civil Procedures, whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other situations before trial, an amended pleading may only be filed with the opposing party's written consent or permission of the court. Fed. R. Civ. P. 15(a)(2).

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Court dismisses Plaintiff's claims against Reiser as duplicative of his claims asserted against this defendant in *Scott I*. These claims are dismissed without prejudice to Plaintiff's asserting those claims, to the extent consistent with Rule 15 of the Federal Rules of Civil Procedure, in *Scott I*.

The Clerk of Court is directed to complete the USM-285 form for Defendant DEA. The Clerk of Court is further directed to: (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; and (2) issue a summons and deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on an agency of the United States.

The Clerk of Court is also directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 7, 2026
White Plains, New York

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

**SERVICE ADDRESSES FOR DEFENDANT DEA**

1. United States Drug Enforcement Administration
   99 10th Avenue
   New York, NY 10011

2. United States of America
   Attorney General of the United States
   United States Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, D.C. 20530-0001